PER CURIAM
This proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, Stephen J. Holliday, a suspended attorney.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In May 2001, petitioner was arrested and charged with driving while intoxicated ("DWI"), speeding, and improper lane usage. Ultimately, the DWI charge was dismissed, and petitioner pleaded guilty to the traffic charges.
In September 2001, petitioner vandalized a truck belonging to his ex-wife's boyfriend while it was parked at his ex-wife's home. He was arrested and charged with simple criminal damage to property and violation of a restraining order. He was also cited for failure to yield to an emergency vehicle for refusing to stop his car when the police ordered him to do so.
In December 2002, petitioner was arrested and charged with DWI second offense, hit and run, disobeying a red light, reckless driving, and failing to maintain proof of insurance. In February 2005, petitioner pleaded guilty to failing to report an accident, disobeying a red light, and reckless driving. In June 2005, the record of petitioner's arrest was expunged.
In June 2005, petitioner gave a sworn statement to the Office of Disciplinary Counsel ("ODC") regarding the three matters set forth above. In response to the ODC's questions, petitioner asserted his Fifth Amendment privilege against self-incrimination. The ODC insisted that he answer on the ground that all criminal charges against him had either been declined or resolved via plea agreement. Nevertheless, petitioner continued to refuse to answer, thereby failing to cooperate with the ODC's investigation.
For the above misconduct, we suspended petitioner from the practice of law for three years. In re: Holliday , 09-0116 (La. 6/26/09), 15 So.3d 82.
In June 2015, petitioner pleaded no contest to domestic abuse battery. In May 2016, we accepted a joint petition for consent discipline filed by petitioner and the ODC and suspended petitioner from the practice of law for one year. In re: Holliday , 16-0686 (La. 5/27/16), 193 So.3d 124.
In August 2018, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law on a conditional basis for one year, subject to the following conditions:
1. Petitioner shall continue diagnostic monitoring with JLAP during the one-year probationary period. If his JLAP diagnostic monitoring agreement terminates by its own terms *1253 during the probationary period, then he shall execute a new agreement to satisfy this condition;
2. Petitioner shall maintain good standing pursuant to his JLAP agreement;
3. Petitioner shall maintain compliance with the Rules of Professional Conduct;
4. Petitioner shall cooperate with the ODC in the event of an inquiry as to his fitness to practice law; and
5. Petitioner shall satisfy all requirements to practice law pursuant to the rules governing attorneys in the State of Louisiana.
Neither petitioner nor the ODC objected to the hearing committee's recommendation.
DISCUSSION
After considering the record in its entirety, we find petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law on a conditional basis. Accordingly, we will order that petitioner be reinstated to the practice of law, subject to a one-year period of probation governed by all of the conditions recommended by the hearing committee.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Stephen J. Holliday, Louisiana Bar Roll number 23496, be immediately reinstated to the practice of law in Louisiana, subject to a one-year period of probation governed by the conditions set forth herein. The probationary period shall commence from the date petitioner and the ODC execute a formal probation plan. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately, or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.